UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY (#98765)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 13-370-BAJ-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 14, 2015.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY (#98765)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                              NUMBER 13-370-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss. Record document number 16. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Inmate Accounts administrator Sandra Rosso.[1] Plaintiff alleged that he was deprived of his property in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that he is indebted to the State of Louisiana in the amount of $5,000.00. Plaintiff alleged that on October 28, 2010, he received two money orders, one in the amount of $15.00 and the other in the amount of $150.00. Plaintiff alleged that in accordance with Department Regulation No. B-09-003, defendant Rosso posted half of the $15.00 deposit to his reserve

---

[1] This defendant was identified as Saunders Rosso in the complaint.

account and the other half of the deposit was posted to his drawing account. Plaintiff alleged that after the money was posted to his drawing account it was applied to pay his state debt. Plaintiff alleged that defendant Rosso posted the entire $150.00 deposit to his drawing account and the entire amount was then applied to pay his state debt.

Plaintiff further alleged that between November 18, 2012 and December 12, 2012, he received three money orders, one in the amount of $800.00 and the other two each in the amount of $50.00, for a total of $900.00. Plaintiff alleged that although defendant Rosso should have posted half of the total, or $450.00, to his reserve account, she only posted $250.00 to his reserve account. The remainder, $650.00, was posted to his drawing account and was then applied to pay his state debt.

Plaintiff alleged that he sent defendant Rosso a letter complaining about the improper distribution of the deposits between his reserve and drawing accounts. Plaintiff alleged that in her response, she stated that in accordance with Department Regulation No. B-09-003 the plaintiff was allowed to have a maximum of $250.00 in his reserve account and that the remainder of the deposit could be posted to his drawing account from which it could be applied to pay his state debt.

Plaintiff alleged that the provisions of Department Regulation No. B-09-003 required that half of any deposit be posted to his

2

reserve account and the other half be posted to his drawing account. Plaintiff alleged that the failure to distribute his deposits in accordance with Department Regulation No. B-09-003 violated his due process rights. Plaintiff sought compensatory, punitive and nominal damages, the return of the money he contends was improperly removed from his drawing account, and prospective injunctive relief.

## II. Applicable Law and Analysis

**A. Motion to Dismiss Standard**

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. No Physical Injury**

Defendants moved to dismiss on the ground that the plaintiff failed to allege he sustained a physical injury as a result of the defendants' alleged actions.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or

4

other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries. Although § 1997e(e) prohibits the plaintiff from recovering compensatory damages, it does not bar his ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in the form of nominal or punitive damages.

**C. Eleventh Amendment Immunity**

Plaintiff brought this action against the defendants in both their individual and official capacities.

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state.

*Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as they were sued in their individual capacity

6

for actions taken under color of state law which caused the deprivation of a constitutional right. However, in this case the plaintiff is limited to nominal and punitive damages, as explained above. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Again, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**D. Qualified Immunity**

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established federal constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established federal statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established

right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's federal statutory or constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Prisoners claims alleging deprivations of property interest without due process of law are plainly cognizable under § 1983. *Birl v. Thaler*, 470 Fed.Appx. 362 (5th Cir. 2012).

Plaintiff's allegations that he was deprived of his property

interest without due process of law are sufficient to state a claim upon which relief can be granted.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted in part, dismissing the plaintiff's claims for compensatory damages, and in all other respects the defendants' Motion to Dismiss be denied and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, January 14, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE