UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY (#98765)

VERSUS                                           CIVIL ACTION

BURL CAIN, ET AL                                 NUMBER 13-370-BAJ-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 14, 2015.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY (#98765)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 13-370-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the plaintiff's Motion for Summary Judgment. Record document numbers 18 and 21. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Inmate Accounts administrator Sandra Rosso.[2] Plaintiff alleged that he was deprived of his property in violation of his constitutional rights.

Plaintiff moved for summary judgment relying on his affidavit, copies of correspondence from defendant Rosso to him and inmate John Jones, the results of Administrative Remedy Procedures (hereafter "ARP") LSP-2013-14, LSP-2013-1140, LSP-2013-2861, correspondence, and a copy of Department Regulation No. B-09-003.

---

[1] Record document number 19.

[2] This defendant was identified as Saunders Rosso in the complaint.

## II. Factual Allegations

Plaintiff alleged that he is indebted to the State of Louisiana in the amount of $5,000.00. Plaintiff alleged that on October 28, 2010, he received two money orders, one in the amount of $15.00 and the other in the amount of $150.00. Plaintiff alleged that in accordance with Department Regulation No. B-09-003, defendant Rosso posted half of the $15.00 deposit to his reserve account and the other half of the deposit was posted to his drawing account. Plaintiff alleged that after the money was posted to his drawing account it was applied to pay his state debt. Plaintiff alleged that defendant Rosso posted the entire $150.00 deposit to his drawing account and the entire amount was then applied to pay his state debt.

Plaintiff further alleged that between November 18, 2012 and December 12, 2012, he received three money orders, one in the amount of $800.00 and the other two each in the amount of $50.00, for a total of $900.00. Plaintiff alleged that although defendant Rosso should have posted half of the total, or $450.00, to his reserve account, she only posted $250.00 to his reserve account. The remainder, $650.00, was posted to his drawing account and was then applied to pay his state debt.

Plaintiff alleged that he sent defendant Rosso a letter complaining about the improper distribution of the deposits between his reserve and drawing accounts. Plaintiff alleged that in her

response, she stated that in accordance with Department Regulation No. B-09-003 the plaintiff was allowed to have a maximum of $250.00 in his reserve account and that the remainder of the deposit could be posted to his drawing account from which it could be applied to pay his state debt.

Plaintiff alleged that the provisions of Department Regulation No. B-09-003 required that half of any deposit be posted to his reserve account and the other half be posted to his drawing account. Plaintiff alleged that the failure to distribute his deposits in accordance with Department Regulation No. B-09-003 violated his due process rights. Plaintiff sought compensatory, punitive and nominal damages, the return of the money he contends was improperly removed from his drawing account, and prospective injunctive relief.

## II. Applicable Law and Analysis

**A. Summary Judgment Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Summary judgment is appropriate when there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Due Process**

Plaintiff alleged that the failure to post half of each deposit received to his reserve account, in accordance with Department Regulation No. B-09-003, violated his due process rights.

Plaintiff argued that Department Regulation No. B-09-003 provides that any deposit is to be divided equally between his reserve and drawing accounts, with 50% of the deposit being posted to his reserve account and 50% of the deposit being posted to his drawing account. Plaintiff argued that the reference in Department Regulation No. B-09-003 to a $250.00 maximum balance was intended to limit the amount of money he is allowed to spend on canteen items and has nothing to do with the maximum amount allowed to be posted to his reserve account.

Plaintiff's argument is simply not supported by his summary judgment evidence. Department Regulation No. B-09-003 provides, in relevant part, as follows:

4

> All permissible sources of funds ... shall be credited to the offender's drawing account in the Offender Banking System. In cases where the offender has an outstanding debt balance, and is currently in an indigent status, 50% of the deposit received shall be posted to the offender's drawing account and 50% shall be posted to the offender's reserve account, up to a $250 maximum limit.

Department Regulation No. B-09-003, ¶6.A.1.[3]

The summary judgment evidence showed that funds from an offender's reserve account are available to purchase items from the canteen, and may be transferred to the offender's drawing account to pay for court costs, clemency costs, postage, sex offender notifications, for discharge payments and for a Louisiana Driver's License or Identification Card.[4] Funds from the drawing account may be used to pay approved legal expenses.[5]

It is undisputed that at the time the plaintiff received each of the deposits in dispute, he was on debt hold and indigent.[6] Department Regulation No. B-09-003 provides that in these circumstances, 50% of any deposit is posted to the offender's drawing account and 50% is posted to his reserve account, until the reserve account reaches a maximum balance of $250.00.

The record evidence showed that on October 28, 2010, two

---

[3] Record document number 18-2, p. 19.

[4] *Id*. at 23-24, Department Regulation No. B-09-003, ¶ 11(b)(i-vi).

[5] *Id*. at 23, Department Regulation No. B-09-003, ¶ 11(a)(ii).

[6] Record document number 1-1, p. 4, Memorandum With Law In Support of Section 1983 Lawsuit, Fact of Affidavit.

deposits in the amount of $7.50 and $150.00 were posted to the plaintiff's drawing account and one deposit in the amount of $7.50 was posted to the plaintiff's reserve account.[7] The record evidence also showed that on November 20, 2012, a $250.00 deposit was posted to the plaintiff's reserve account and a $550.00 deposit was posted to the plaintiff's drawing account.[8] The record evidence further showed that on December 12, 2012, $25.00 was posted to the plaintiff's reserve account and on that same date $25.00 was posted to the plaintiff's drawing account.[9]

There is no summary judgment evidence to support the plaintiff's interpretation of Department Regulation No. B-09-003. Nor is there any summary judgment evidence to support the plaintiff's argument that defendant Rosso failed to comply with Department Regulation No. B-09-003 or otherwise deprived him of his property without due process.

**C. Equal Protection**

Plaintiff also made a vague argument that defendant Rosso denied him equal protection by the way she applied Department Regulation No. B-09-003 to him.

To prove a cause of action under § 1983 based on a violation

---

[7] Record document number 1-2, p. 12.

[8] *Id.* at 20.

[9] *Id.*

of equal protection, the plaintiff must demonstrate that the official acted with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group. *Id.* A violation of the equal protection clause occurs only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Plaintiff did not allege any facts which could support a claim that the alleged improper application of Department Regulation No. B-09-003 to his deposits was because of his age, race, religion, sex, or national origin.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Summary Judgment be denied and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, January 14, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE